IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT RAVENCAMP, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-CV-107 ) |
| MENARD, INC., | ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d)(2)(A), 1441, and 1446, Defendant, Menard, Inc. ("Menards"), by and through its undersigned attorneys, hereby removes this action from the Circuit Court of Jackson County, Missouri at Independence, to the United States District Court for the Western District of Missouri. In support of its removal, Menards states as follows:

### I. RAVENCAMP'S CLASS ACTION

1. Menards is a named defendant in a civil class action pending in the Circuit Court of Jackson County, Missouri at Independence, styled as *Ravencamp v. Menard, Inc.*, and docketed as No. 1816-CV00469 (the "Class Action"). Copies of all documents served on Menards are attached as Exhibit A. Copies of all process, pleadings, and orders that have been filed in the Class Action, as of the filing of this Notice of Removal, are collectively attached as Exhibit B.

2. Menards is a private, family-owned home improvement retailer with stores located in fourteen states, including Missouri. Among its promotions, Menards regularly holds 11% rebate sales, through which participating customers can obtain an 11% mail-in rebate, on virtually all purchases made during the defined sale period, in the form of merchandise credit

checks on future purchases from Menards. To receive the merchandise credit check, a customer need only mail in the rebate receipt, printed with the sales receipt, along with a simple rebate form the size of a postcard, as explained in the instructions available on-line and in all stores. Menards' 11% rebate sales are very popular and, because of the frequency of such sales and the disclosure of all terms and conditions, it has a redemption rate of approximately 68.2%, across all stores.

3. On January 11, 2018, Plaintiff, Robert Ravencamp ("Ravencamp"), served, and Menards received, a Class Action Petition, under Mo. R. Civ. P. 52.08 and Mo. Rev. Stat. § 407.025, alleging that Menards falsely advertised its 11% rebate sale as a discount off the purchase price at the point of sale, as opposed to a mail-in rebate for an in-store credit. *See* Ex. B, Compl., at ¶¶ 10-23. On behalf of himself and, with certain limited exceptions, "all consumers who have purchased items at Menards under the 11% Rebate Program in the State of Missouri for personal, family, or house-hold purposes at any time from January 4, 2013 to the present (the "Class")" (*see id.*, at ¶ 24), Ravencamp seeks to recover unspecified damages equal to the "the benefit of their bargain":

> As a direct and proximate result of Menards' unlawful conduct, Plaintiff and the members of the Class have suffered an ascertainable loss of money under the benefit of the bargain rule because the prices paid for items purchased under the 11% Rebate Program were higher than advertised and the "rebate" offered by Menards was less useful and valuable than advertised.

*Id.*, at ¶ 35.

## II. ORIGINAL JURISDICTION UNDER CAFA

4. Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 (d)(2)(A), provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interests and costs, and is a class action in which – (A) any member of the class of plaintiffs is a citizen of a State different from any defendant."

5. A "class action" under CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

6. This Court has original jurisdiction over this putative class action under CAFA, because minimal diversity exists and the amount in controversy exceeds $5,000,000.

7. Ravencamp alleges that he is a citizen of Missouri and resides in Blue Springs, Missouri. *Id.,* at ¶ 6. He also correctly alleges that Menards is incorporated under the laws of Wisconsin, with its principal place of business located in Eau Claire, Wisconsin. *Id.* at ¶ 7. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is "deemed . . . a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," or "the place where the corporation maintains its headquarters . . . ." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010). Under both tests, Menards is a citizen of Wisconsin.

8. Because Ravencamp is a citizen of a state (Missouri) different from Menards (Wisconsin), there is diversity under 28 U.S.C. 1332 (d)(2)(A). In addition, inasmuch as the putative class consists of all consumers who have purchased items at Menards in Missouri during

3

its 11% rebate sales, nearly all putative class members are likely to be citizens of a State different from Menards.

9. With respect to the amount in controversy, the Supreme Court has made clear that "a defendant's notice of removal need include only a plausible allegation" that the jurisdictional requirements are met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014); *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). A defendant is not required to submit evidence establishing federal-court jurisdiction with its notice of removal, unless the plaintiff or the court later questions the defendant's claim of jurisdiction. *Id.*

10. In addition, courts have recognized "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (*quoting Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). As a result, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.* "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 764 (internal citations omitted).

11. This said, Menards denies the validity and merit of Ravencamp's claims and rejects that he or any member of the putative class are entitled to any monetary or other relief. As corroborated by the high redemption rate, Menards fully disclosed the terms of its 11% rebate sale, including that it is a mail-in rebate in the form of a merchandise credit check. For purposes

4

of removal, however, the amount in controversy, based on Ravencamp's allegations, exceeds the jurisdictional minimum of $5,000,000, as detailed below.

12. According to Ravencamp, Menards misrepresented the 11% rebate sale as a discount off the purchase price at the point of sale. Ex. B. at Compl., at ¶¶ 10-23. Ravencamp contends that he and every other consumer – who made purchases from Menards in Missouri during any 11% rebate sale held since January 4, 2013 – are entitled to monetary relief "under the benefit of the bargain rule because the prices paid for items purchased under the 11% Rebate Program were higher than advertised." *Id.*, at ¶ 35. By this, Ravencamp apparently means that such consumers are collectively entitled to an award equal to 11% of the total sales of Menard stores in Missouri during all 11% rebate sales held during the past five years, less the value of any rebates.

13. Menards currently has 16 stores in Missouri. Over the past five years, they, and other Menard stores, have run 11% rebate sales on 526 total days. Menards has identified the total sales generated in Missouri stores during the 11% rebate sales, and has further determined that 11% of this total is well in excess of $5,000,000.

14. To ascertain the amount in controversy, Menards then reduced this number by the sales to those customers who voluntarily participated in the 11% rebate sale program. Such customers accepted the fully disclosed terms of the 11% rebate sale, by following the instructions, mailing in their rebate receipts and rebate forms, and receiving a merchandise credit check from Menards. As set forth above, Menards' participation rate for its 11% rebate sales during this five-year period across all stores is 68.2%. While Menards again denies the allegations of Ravencamp's complaint, reducing 11% of the total revenues, generated during the

5

11% rebate sales in Missouri stores since January 4, 2013, by 68.2% results in an amount in controversy that exceeds $5,000,000.

15. In an ostensible effort to avoid removal, Ravencamp has a section in his complaint entitled "Stipulation as to the Amount in Controversy," which references two attached affidavits, one by Ravencamp and the other by his counsel. Despite the title of this section, in those affidavits, neither Ravencamp nor his counsel stipulate that they will not seek or collect damages in excess of $5,000,000 on behalf of the class. Indeed, under settled law, they could not do so. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593, 133 S. Ct. 1345, 1349 (2013) (holding that "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.") Rather, they merely stipulate that they will not request or accept a fee award that would cause the amount in controversy to exceed $5,000,000. This is irrelevant because, as set forth above, the amount in controversy exceeds $5,000,000, without regard to such fees.

### III. THE PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

16. The prerequisites for removal under 28 U.S.C. § 1441 have been satisfied.

17. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days after the first receipt by Menards of a copy of the complaint in the Class Action. *See* Ex. B (affidavit of service filed by Ravencamp's counsel indicating that Menards was first served with a copy of the complaint on January 11, 2018).

18. There are no other defendants to the Class Action.

19. Pursuant to 28 U.S.C. § 1446(d), copies of this notice are being served on all counsel of record and the clerk of the Circuit Court of Jackson County, Missouri.

6

20. Removal to the United States District Court for the Western District of Missouri is appropriate because this action is being removed from the Circuit Court of Jackson County, Missouri, which is located within the Western District of Missouri.

21. By removing this action to this Court, Menards does not waive any defense, jurisdictional or otherwise, which it may possess. Menards also does not concede that Ravencamp has stated a claim against it.

22. Plaintiff has made a demand for a jury trial.

23. Menards designates Kansas City, Missouri as the place of trial of this matter.

24. If any questions arise as to the propriety of removing this action, Menards respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Menards hereby removes this action from the Circuit Court of Jackson County, Missouri at Independence to the United States District Court for the Western District of Missouri.

DATED this 8th day of February, 2018.

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Thomas Hiatt
    Thomas Hiatt, Mo. 68134
    1000 Walnut Street, Suite 1400
    Kansas City, Missouri 64106
    Tel.   (816) 474-8100
    Fax   (816) 474-3216
    blamer@spencerfane.com
    thiatt@spencerfane.com

FREEBORN & PETERS LLP

Brian P. Norton,
*Pro Hac Vice Application Pending*
Andrew C. Nordahl
*Pro Hac Vice Application Pending*
311 South Wacker Dr., Suite 3000
Chicago, Ill. 60606
Tel.   (312) 360-6000
FAX   (312) 360-6520
bnorton@freeborn.com
anordahl@freeborn.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Western District of Missouri, this 8th day of February, 2018 with a true copy was also served via electronic mail and U.S. Mail to Plaintiff's attorneys as follows:

Christopher S. Shank
David L. Heinemann
Stephen J. Moore
SHANK & MOORE, LLC
1968 Shawnee Mission Pkwy, Suite 100
Mission Woods, Kansas 66205
Telephone: 816.471.0909
Facsimile: 816.471.3888
chris@shankmoore.com
davidh@shankmoore.com
sjm@shankmoore.com

/s/ Thomas Hiatt