IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT RAVENCAMP, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 18 CV 107-BP |
| MENARD, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY
SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Menard, Inc. ("Menards") responds to Ravencamp's motion for leave to file a sur-reply in opposition to Menards' motion to dismiss as follows:

1. Ravencamp's motion proceeds from the false premise that Menards raised new arguments in its reply suggestions (Doc. 8) in support of its motion to dismiss (Doc. 5) to which he did not have the opportunity to respond. In reality, recognizing the deficiencies in his complaint and prior submissions, it is Ravencamp who is trying to assert new arguments in a desperate attempt to avoid dismissal and get the last word on Menards' motion.

2. Ravencamp's principle objection is to Menards' citation to *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754 (W.D. Mo. 2015), which it did not cite in its opening suggestions. (*See* Doc. No. 15 at ¶¶ 2-3.) The problem with this argument, however, is that Ravencamp cited *Kelly* in his response suggestions. Menards is entitled to point out that *Kelly* supports its position on the merits, which it did. If Ravencamp was concerned about one of the holdings of a case that he himself cited, he had every opportunity to explain such concerns or

distinguish that part of the holding in his response suggestions. He did not. He also had every opportunity to cite the new cases contained in his purported sur-reply. Again, he did not.

3. Moreover, Menards cited *Kelly* in support of the same argument that it has made from the outset – that Ravencamp has failed to state a plausible claim that a reasonable consumer would be deceived because (1) the definition of "rebate" is ambiguous, and (2) Menards made clear in the advertisements that its rebate was mail-in rebate in the form of a store credit, ***not*** a discount at the time of purchase or shortly afterwards. (*See* Doc. 5 at 2-11, 16-18.) While Ravencamp tried to mislead this Court by lifting portions of Menards' advertisements out of context and intentionally omitting the full advertisement containing the terms of Menards 11% rebate sale from his complaint, under the incorporation by reference doctrine Menards was able to demonstrate that it had fully disclosed the terms of that sale.

4. Ravencamp also contends that he is entitled to a sur-reply because Menards' argument in its reply suggestions that he failed to allege an ascertainable loss was new. In so arguing, however, Ravencamp also overlooks that he raised this argument in his response. There, he claimed that he had "sufficiently [pled] an ascertainable loss in this case by alleging that the rebate actually provided to consumers was worth less than advertised because it did not have the 'qualities and economic value' represented." (Doc. 7 at 6, n.2.) Menards was entitled to respond to this argument in its reply suggestions and did.

5. For these reasons, there is no basis for granting Ravencamp leave to file a sur-reply. In reality, his motion is nothing more than a desperate attempt to prop up a deficient complaint by making new arguments and repackaging old ones. Ravencamp's motion should be denied.

6. To the extent that the Court grants this motion, however, Menards is entitled to file a sur-sur-reply to address the new arguments and cases raised in Ravencamp's sur-reply. A copy of Menards' proposed sur-sur-reply is attached as Exhibit A.

WHEREFORE, Defendant Menard, Inc. respectfully requests that the Court deny Ravencamp's motion for leave to file a sur-reply or, in the alternative, if it is granted, that Menards be given leave to file its sur-sur reply in support of its motion to dismiss.

Dated this 4th day of April, 2018

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Thomas Hiatt
Bryant T. Lamer, Mo. 57355
Thomas Hiatt, Mo. 68134
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Tel. (816) 474-8100
Fax (816) 474-3216
blamer@spencerfane.com
thiatt@spencerfane.com

FREEBORN & PETERS LLP

Brian P. Norton (*pro hac vice*)
Andrew C. Nordahl (*pro hac vice*)
Verona M. Sandberg (*pro hac vice*)
311 South Wacker Dr., Suite 3000
Chicago, Illinois 60606
Tel. (312) 360-6000
FAX (312) 360-6520
bnorton@freeborn.com
anordahl@freeborn.com
vsandberg@freeborn.com

*Attorneys for Defendant Menard, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Western District of Missouri, this 4th day of April, 2018, which will automatically transmit a copy to all those entitled to receive notice.

/s/ Thomas Hiatt
Attorney for Defendant